**THE AGUILERA LAW GROUP, APLC**
A. Eric Aguilera, Esq. (SBN 192390)
Raymond E. Brown, Esq. (SBN 164819)
Jason Y. Chao, Esq. (SBN 250735)
650 Town Center Drive
Suite 100
Costa Mesa, CA 92626
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
jchao@aguileragroup.com
alg@aguileragroup.com

Attorneys for Plaintiffs, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation;<br><br>Plaintiffs,<br><br>v.<br><br>CENTEX HOMES, a Nevada general partnership; CENTEX REAL ESTATE CORPORATION, a Nevada corporation; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR**<br><br>**1) DECLARATORY RELIEF**<br><br>**JURY DEMAND** |

For their claims against Defendants CENTEX HOMES, and CENTEX REAL ESTATE CORPORATION (hereinafter referred to as "CENTEX" or "Defendant") and Does 1 through 10, Plaintiffs TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA (hereinafter, referred to as "TRAVELERS" or "Plaintiff") alleges as follows:

## JURISDICTION

1. Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("TRAVELERS") is now, and at all relevant times was, a corporation, existing

under the laws of the State of Connecticut, with its principal place of business in Connecticut.  TRAVELERS is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

2. Plaintiffs are informed and believe and thereon allege that Defendant CENTEX HOMES is a general partnership existing under the laws of the State of Nevada, with its principal place of business located in the State of Texas.  Plaintiffs are further informed and believe and thereon allege that CENTEX HOMES is, and at all times relevant was, a home builder doing business in the State of California.

3. Plaintiffs are informed and believe and thereon allege that Defendant CENTEX REAL ESTATE CORPORATION is a corporation existing under the laws of the State of Nevada, with its principal place of business located in the State of Michigan. Plaintiffs are further informed and believe and thereon allege that CENTEX REAL ESTATE CORPORATION is, and at all times relevant was, a home builder doing business in the State of California.

4. Defendants sued herein as DOES 1 through 10, inclusive, are sued herein by such fictitious names because Plaintiffs are unaware of the true names and capacities of said DOE defendants.  Plaintiffs will amend this Complaint to reflect the true names when the same are ascertained.  Plaintiffs are informed and believe and thereon allege that said DOE defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action.  All Defendants, including DOES 1 through 10 are hereinafter collectively referred to as "CENTEX".

5. This Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars. The amount in controversy exceeds $75,000 and represents fees and costs sought by CENTEX from Plaintiffs in connection with its defense and/or indemnification in the Underlying Action defined in ¶10, below. This Court has diversity jurisdiction as Plaintiff is domiciled in Connecticut, and Defendants are domiciled in Texas and Michigan.

**VENUE**

6. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions at issue in this litigation took place in this judicial district within the State of California. The underlying action is pending in this judicial district. Venue, therefore, lies with this Court, as a substantial part of the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

**GENERAL ALLEGATIONS**

**A.     The Insurance Policies**

   **(1)     The Engeo Policies**

7. TRAVELERS issued the following commercial general liability policies under which Engeo, Inc. was a named insured P-660-889N880-TIL-13 (the "Engeo Policies")

8. Under the terms of the Engeo Policies, TRAVELERS was given the right to retain counsel of its own choosing to represent its insured or any other additional insureds. In addition, under the terms of the Engeo Policies, the insured and additional insureds are mandated to cooperate with TRAVELERS with regard to all aspects of its coverage, including any defense afforded under the policy. The Engeo Policies contain the Commercial General Liability Coverage Form CG 00 01 10 01, which specifically provides in part as follows:

> **SECTION I – COVERAGES**
>
> **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement.**
>
> > a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2. Duties In the Event of Occurrence, Offense, Claim or Suit.**

   c.  You and any other involved insured must:

                  ***

     (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

     (4) Assist us, upon request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

   d.  No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

    9.    In addition, the Engeo Policies contain endorsement form CGD414 04/08, which provides in pertinent part as follows:

   BLANKET ADDITIONAL INSURED – WRITTEN CONTRACTS (ARCHITECTS, ENGINEERS AND SURVEYORS)

   This endorsement modifies insurance provided under the following:

      COMMERCIAL GENERAL LIABILITY COVERAGE PART

   3. The following is added to SECTION IV- COMMERCIAL GENERAL LIABILITY CONDITIONS:
      Duties Of An Additional Insured
      As a condition of coverage provided to the additional insured:
      …
      c. The additional insured must immediately…cooperate with us in the investigation or settlement of the claim or defense against the "suit", and otherwise comply with all policy conditions.

### B. The Underlying Action

10. On or about January 30, 2015, the homeowners association of the Fioli Condominiums, located in the city of San Ramon, county of Contra Costa, California (collectively, the 'Project') issued to CENTEX a Notice of Claim of Violation of Standards Pursuant to Civil Code §§896 and 910 et seq. and Notice of Commencement of Legal Proceedings Pursuant to Civil Code § 6000, commonly known as the *Fioli HOA SB800* (the "Underlying Action"). The Underlying Action alleges defects in, and damage arising from the construction of the Project, which consists of 154 condominium units and surrounding common areas.

11. On or about September 3, 2015, CENTEX, by and through its legal representative, Schaeffer Law, tendered the Underlying Action to TRAVELERS as an additional insured under the Engeo Policies.

12. On or about October 16, 2015, TRAVELERS provided an immediate defense by acknowledging receipt of CENTEX's tender and sending correspondence to CENTEX advising it that it agrees to defend CENTEX in the Underlying Action as an additional insured under some or all of the Engeo Policies, subject to a reservation of TRAVELERS' rights and defenses under the policies. At that time TRAVELERS also advised CENTEX that it was asserting its right to retain counsel of its choosing to represent and defend CENTEX in the Underlying Action and had appointed Mr. David Lee of the law firm of Lee, Hernandez, Garofalo & Blake to defend and represent CENTEX. Upon Centex's refusal to accept TRAVELERS' appointed defense counsel, TRAVELERS' duty to defend Centex ceased. None of TRAVELERS' actions or inactions have in any way been intended to operate as a waiver of any of TRAVELERS' rights or defenses under the policies.

13. TRAVELERS is informed and believes that CENTEX is demanding independent counsel to defend it in the Underlying Action, and is also demanding that TRAVELERS agree to pay the fees of Schaeffer Law in the litigation. TRAVELERS is further informed and believes that CENTEX has taken the position that if TRAVELERS refuses to pay for Schaeffer Law, then CENTEX would only agree to allow counsel

appointed by TRAVELERS to defend the action if TRAVELERS agreed to pay all fees of its appointed counsel as well as all vendor invoices in the action despite the fact that other insurers are currently defending. Finally, TRAVELERS is informed and believes that CENTEX claims that conflicts exist between counsel appointed by TRAVELERS and CENTEX, that CENTEX may file a motion to disqualify counsel, and that CENTEX reserves its right to seek reimbursement for the services of Schaeffer Law.

14. Upon Centex's refusal to accept TRAVELERS' appointed defense counsel without condition, TRAVELERS' duty to defend Centex ends.

## **FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

**(By Plaintiffs Against All Defendants)**

**Count One**

15. Plaintiffs hereby re-allege and incorporate by reference each of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

16. An actual, present, and justiciable controversy has arisen and now exists between TRAVELERS, on the one hand, and the Defendant CENTEX on the other, concerning TRAVELERS's rights, duties, and obligations under the Engeo Policies.

17. Specifically, TRAVELERS contends and is informed and believes that CENTEX disputes the following:

   a. TRAVELERS contends that under the Engeo Policies it has the right to control the defense of Defendant CENTEX in the Underlying Action and therefore, has the right to appoint counsel of its own choosing in the action.

   b. TRAVELERS also contends that Defendant CENTEX is not entitled to the appointment of independent counsel under California Civil Code § 2860.

   c. In addition, TRAVELERS contends that pursuant to the no-voluntary payments clause in the Engeo Policies, TRAVELERS is not obligated to pay any fees and costs incurred by CENTEX's personal counsel subsequent to the date that TRAVELERS appointed counsel of its choosing in the Underlying Action, despite CENTEX'S alleged

"reservation of its right to seek reimbursement."

18. Plaintiffs have no complete and adequate remedy at law to resolve these disputes. Plaintiffs seek a judicial resolution of the controversy and a declaration of the following: (1) that TRAVELERS has the right to control the defense of CENTEX in the Underlying Action; (2) that Defendant CENTEX is not entitled to the appointment of independent counsel under California Civil Code § 2860; and (3) that pursuant to the no-voluntary payments clause in the Engeo Policies, TRAVELERS is not obligated to pay any fees and costs incurred by CENTEX's personal counsel subsequent to the date that TRAVELERS appointed counsel of its choosing in the Underlying Action.

19. By reason of the foregoing, a declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations as between TRAVELERS and CENTEX may be determined under the provisions of the applicable policies of insurance.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a declaration of this Court of the following: (1) that TRAVELERS has the right to control the defense of CENTEX in the Underlying Action; (2) that Defendant CENTEX is not entitled to the appointment of independent counsel under California Civil Code § 2860; and (3) that pursuant to the no-voluntary payments clause in the Engeo Policies, TRAVELERS is not obligated to pay any fees and costs incurred by CENTEX's personal counsel subsequent to the date that TRAVELERS appointed counsel of its choosing in the Underlying Action.

2. For costs of suit herein; and

3. For such other and further relief as this Court deems just and proper.

///

## JURY DEMAND

TRAVELERS hereby demands a trial by jury pursuant to Fed. R. Civ. Proc. 38(b).

Dated: October 28, 2015           THE AGUILERA LAW GROUP, APLC

_____
A. Eric Aguilera, Esq.
Raymond E. Brown, Esq.
Jason Y. Chao, Esq.
Attorneys for Plaintiffs
TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA